By the Court.—Ingraham, J.
The rule in relation to the liability of a common carrier in the transportation of live stock, is stated by Earle, Commissioner, in Cragin v. N. Y. Central R. R. Co. (51 N. Y. 63): “In the transportation of such stock, in the absence of negligence, the carrier is relieved from the responsibility for such injury as occurs in consequence of the vitality of the freight. He does not absolutely warrant live freight against the consequences of its own vitality. Animals may injure or destroy themselves or each other ; they may die from fright or from starvation because they refused to eat, or they may die from heat or cold. In all such cases the carrier is relieved from responsibility, if he can show that he has provided all suitable means of transportation, and exercised that degree of care which the nature of the property requires.”
It is not sufficient therefore, to make the defendant liable, to show that the horse was injured. It is necessary that the jury can find from the evidence that there was some neglect or omission of duty upon the part of the defendant.
In this case the uncontradicted evidence showed that the car in which the horse was shipped was in good order and suitable for the purpose when the car was loaded; that during the passage a slat in the car became broken, but there was no evidence to show that such break was occasioned by any negligence of the defendant ; on the contrary it appeared that one of the horses in the car was Id 'king violently. That break was re *164 paired as the witness stated in a proper manner, and at the end of the trip the slat was again found to be broken and the horse injured. There is no evidence to show that the broken. slat caused the injury, or that any act of the defendant could have prevented the accident.
The injury being one that “ occurred in consequence of the vitality of the freight,” to sustain the cause of action the burden of proof was upon the plaintiffs to show facts from which the jury would be justified in finding that there was an omission of duty upon the part of the defendant.
The fact that the car was allowed to stand for one or two hours after it was loaded is not of itself evidence of negligence. It did not appear that the fact that the car was allowed to stand caused the injury; nor was there any evidence to show that the car could have been moved sooner than it was.
We are of the opinion that the verdict was properly directed for the defendant, and the judgment should be affirmed with costs.
Sedgwick, Ch. J., concurred.